UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

KYLE J. DION,

    Plaintiff,

vs.

EUGENIO ABAY, individually,
and the CITY OF MIAMI BEACH, a
Florida Municipal corporation,

    Defendants.
_____/

## COMPLAINT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against EUGENIO ABAY, individually, and the CITY OF MIAMI BEACH, a Florida Municipal corporation.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4. Plaintiff KYLE J. DION [hereinafter "Plaintiff" or "DION"] is a resident of Miami Beach, Florida.

5. At all times referred to herein, Defendant EUGENIO ABAY [hereinafter ABAY or Defendant ABAY] was a police officer for Defendant CITY OF MIAMI BEACH and was acting under color of law, and in such capacity as an agent, servant, and employee of Defendant CITY OF MIAMI BEACH.

6. Defendant CITY OF MIAMI BEACH [hereinafter Defendant CITY OF MIAMI BEACH or CITY] is a Florida municipal corporation, organized and existing under the laws of the State of Florida, and located in Miami-Dade County, Florida. In this cause, the CITY acted through its agents, employees, and servants, including Defendant ABAY, and others.

7. Plaintiff sues Defendant ABAY in his individual capacity.

## FACTS

8. In the early morning hours of February 28, 2016, Plaintiff was in the area of 960 Ocean Drive, Miami Beach, Miami-Dade County, Florida, along a friend and an acquaintance, John Feliz (hereinafter "Feliz").

9. Outside the immediate presence of Plaintiff, Feliz had a disagreement with the hostess of a bar/restaurant. Based on information and belief, Feliz believed that as a prospective patron he has been treated in a disrespectful manner.

10. Feliz was subsequently approached by a security guard, who placed his chest close to Feliz chest and got in his face.

11. Plaintiff began recording the incident on his cellular telephone video camera while

standing back away from the security guard and Feliz.

12. As Plaintiff was standing on a public sidewalk (recording), Defendant ABAY and other police officers arrived.

13. Plaintiff was escorted across the street and informed that "it's illegal to record law enforcement officer due to a new law that just passed a few days ago."

14. Plaintiff responded that he acted lawfully at all times and had "proof of everything that just happened."

15. Defendant ABAY laughed and stated: "You have evidence," at which time Defendant ABAY removed Plaintiff's cellular telephone from his physical possession.

16. Defendant ABAY then scrolled though Plaintiff's cellular telephone and deleted the videotape of the incident.

17. Defendant ABAY then arrested Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense, whereupon Plaintiff was transported to jail and incarcerated.

18. All criminal charges were subsequently nolle prosequied, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of his arrest by Defendant ABAY.

19. The conduct of Defendant ABAY occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM
### AGAINST DEFENDANT ABAY, INDIVIDUALLY

For his cause of action against Defendant ABAY, individually, in Count I, Plaintiff states:

20. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 19.

21. At all times material hereto, Plaintiff had a First Amendment right to photograph or videotape police conduct in public places, and to record matters of public interest.

22. In retaliation for Plaintiff's lawful exercise of his rights under the First Amendment, Plaintiff was subjected to harassment (i.e, the wrongful claim there was a new law just passed a few days ago that prohibited persons from recording police officers), the unlawful search of his cellular telephone, the deletion of digital data, including audio and videotape of a police-involved situation occurring in a public place, and arrest for a misdemeanor occurring outside the presence of the officer, and in the absence of any threat to the life or safety of any person.

23. The conduct of Defendant ABAY towards Plaintiff occurred under circumstances likely to deter a person of ordinary firmness from the exercise of their First Amendment rights. The conduct of Defendant ABAY towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

24. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

25. As a further direct and proximate result of the conduct of Defendant ABAY, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee

for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## PLAINTIFF'S UNLAWFUL SEARCH CLAIM
## AGAINST DEFENDANT ABAY, INDIVIDUALLY

For his cause of action against Defendant ABAY, individually, in Count II, Plaintiff states:

26.    Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 19.

27.    The warrantless and non-consensual search by Defendant ABAY of Plaintiff's cellular telephone and digital data was in the absence of lawful authority, or probable cause and exigent circumstances.

28.    No reasonable police officer in the position of Defendant ABAY could have believed there was a lawful basis for search of Plaintiff's cellular telephone and digital data, or the deletion of digital data. The conduct of Defendant ABAY was objectively unreasonable under the circumstances, and constitutes a violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

29.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

30. As a further direct and proximate result of the conduct of Defendant ABAY, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

 i. Judgment for compensatory damages in excess of $ 15,000 dollars;

 ii. Judgment for exemplary damages;

 iii. Cost of suit;

 iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

 v. Trial by jury as to all issues so triable; and

 vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## PLAINTIFF'S INVASION OF PRIVACY CLAIM
## AGAINST DEFENDANT CITY OF MIAMI BEACH

For his cause of action against Defendant CITY OF MIAMI BEACH, in Count III, Plaintiff states:

31. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 19.

32. The warrantless and non-consensual search by Defendant ABAY of Plaintiff's cellular telephone and digital data was in the absence of lawful authority, or probable cause and exigent circumstances.

33. The conduct of Defendant ABAY was objectively unreasonable, and caused Plaintiff outrage, mental suffering, shame, and humiliation, and was undertaken in such a manner as to cause outrage, or mental suffering, shame, or humiliation, to a person of ordinary sensibilities.

34. The search of Plaintiff' cellular telephone and digital data by Defendant ABAY was unlawful and an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy under Florida law. *Guin v. City of Riviera Beach*, 388 So.2d 604, 606 (Fla. 4th DCA 1980) (Invasion of privacy is the "intrusion upon plaintiff's physical solitude or seclusion, as by invading plaintiff's home, or other quarters, or an illegal search of his shopping bag in a store") (quoting Prosser, The Law of Torts § 117 (4th ed. 1971).

35. The conduct of Defendant ABAY occurred during the course and scope of his employment for Defendant CITY OF MIAMI BEACH.

36. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

37. As a further direct and proximate result of the conduct of Defendant CITY OF MIAMI BEACH, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Cost of suit;

    iii. Trial by jury as to all issues so triable; and

iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CITY OF MIAMI BEACH

For his cause of action against Defendant CITY OF MIAMI BEACH, in Count IV, Plaintiff states:

38. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 19.

39. Defendant ABAY personally participated in and proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

40. Alternatively, if there existed probable cause, Plaintiff's arrest was for a misdemeanor occurring outside the presence of the officer, and in the absence of any threat to the life or safety of any person, in violation of Florida law.

41. The conduct of Defendant ABAY towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

42. The false arrest/false imprisonment of Plaintiff by Defendant ABAY was committed in the course and scope of his employment as a police officer for Defendant CITY OF MIAMI BEACH.

43. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

44. As a further direct and proximate result of the conduct of Defendant CITY OF MIAMI BEACH, Plaintiff suffered loss of liberty and freedom, mental anguish, and loss of capacity

for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $15,000.00 dollars;

ii. Cost of suit;

iii. Trial by jury as to all issues so triable; and

iv. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

45. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this   3rd   day of May, 2017.

By:  *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile: (954) 522-1176
*Attorney for Kyle J. Dion*